

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANTEJ SINGH, | No.   18-71440 |
| Petitioner, | Agency No. A201-228-424 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2021[**]
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Mantej Singh, a native and citizen of India, petitions for review of the denial

of his claims for asylum, withholding of removal, and relief under the Convention

Against Torture.  We deny the petition.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. The Board of Immigration Appeals (BIA) did not abuse its discretion in upholding the decision of the Immigration Judge (IJ) with respect to Petitioner's competency. The IJ determined that no further inquiry into Petitioner's competence was required because Petitioner was competent to proceed. On the day of the merits hearing, Petitioner's representative orally requested a continuance to allow for further evaluation of his competency on account of a head injury that occurred about fifteen years before the hearing. The IJ inquired into Petitioner's competence by explaining the proceedings to him, and asking him the purpose of the hearing, who would be questioning him, and whether he or his attorney had filed any papers in his case. Petitioner accurately answered all of the IJ's questions. Petitioner testified that his head injury causes "a headache at times" and that he "tend[s] to forget things as well." But "[t]he mere inability to recall some events, a common weakness, and other similar mental lapses, are not sufficient to show mental incompetency." *Salgado v. Sessions*, 889 F.3d 982, 989 (9th Cir. 2018). Petitioner was responsive throughout the proceedings. He was also represented by counsel, and he has demonstrated no unfairness in the manner in which the proceeding was conducted.

2. Substantial evidence supports the BIA's adverse credibility determination against Petitioner. Under the "extremely deferential" substantial evidence

standard, this court must accept the BIA's findings of fact, including adverse credibility determinations, as conclusive unless the evidence compels a contrary conclusion. *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (citation omitted); 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

There were serious inconsistencies between Petitioner's statements during his credible fear interview and his testimony in immigration court, and he has not offered any compelling explanation for these discrepancies. In his credible fear interview in 2011, Petitioner claimed no knowledge of Khalistan (the homeland demanded by the Shiromani Akali Dal Mann (SADM) or Mann Party, a Sikh political party in which Petitioner claimed membership), could not list three of the Mann Party's tenets, said that he had never voted, and claimed that his attackers in India in 2011 had said nothing to him. During removal proceedings in 2012, Petitioner applied for relief on the basis of being a Sikh and a member of the Mann Party. In immigration court in 2017, Petitioner named and described Khalistan unprompted, explained the Mann Party's goals, detailed his voting record, and claimed that his attackers in 2011 had specifically demeaned Sikhs and Singh's beliefs. Even granting Petitioner's memory issues, the record therefore contains

substantial evidence supporting the IJ's and BIA's adverse credibility determinations here.

3.  Petitioner moves to supplement the record on appeal with letters from his employers that he submitted in relation to an earlier criminal custody issue.  We GRANT the motion but conclude that the letters do not affect our determinations above.

The petition is **DENIED**.